UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC PHILLIPS,<br><br>              Plaintiff,<br><br>    v.<br><br>RON BROOMFIELD,<br><br>              Defendant. | Case No. 22-cv-07206-YGR<br><br>**SECOND ORDER OF SERVICE** |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding *pro se*, filed this civil rights case under 42 U.S.C. § 1983 alleging that defendants violated his rights under the Eighth Amendment by transferring over 100 inmates, some of whom were infected with COVID-19, from the California Institution for Men (CIM) to San Quentin State Prison (SQSP) in May 2020. The case was assigned to Judge William H. Orrick for the limited purpose of resolution of certain common legal issues with the case number 22-mc-80066-WHO. Dkt. No. 8. The Court screened plaintiff's complaint (Dkt. No. 1) pursuant to 28 U.S.C. § 1915A, found that plaintiff's allegations stated a cognizable Eighth Amendment claim for deliberate indifference to his safety needs, and ordered service on SQSP Warden Ron Broomfield. Dkt. No. 11. The Court dismissed plaintiff's claim for damages against the California Department of Corrections and Rehabilitation (CDCR). *Id.* On February 16, 2023, defendant Broomfield appeared and waived personal service of the complaint pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. Dkt. No. 13. Judge Orrick issued an order to show cause regarding the common legal issues as applied to defendant Broomfield, followed by an order determining that the complaint would not be dismissed against defendant Broomfield based on qualified immunity or immunity under the PREP Act, nor based on failure to

state an adequate Eighth Amendment claim. Dkt. Nos. 15, 17.

After Judge Orrick's order to show cause and before his order denying qualified and PREP Act immunity, plaintiff filed an amended complaint. Dkt. No. 16. For the reasons discussed below, the complaint is ordered served on the additional defendants named in the amended complaint.

## I.   DISCUSSION

### A.   Motion for Leave to Amend

The Court construes plaintiff's filing at Docket No. 16 as a motion for leave to amend his complaint. Plaintiff seeks to add the following additional defendants to his pending Eighth Amendment claim:

    a.  CDCR Secretary Ralph Diaz

    b.  CDCR Director Kathleen Allison

    c.  Associate Director of Reception Mission Ron Davis

    d.  Federal Receiver Clark Kelso

    e.  SQSP Chief Medical Executive Allison Pachynski

    f.  CIM Warden Dean Borders

    g.  CCHCS Director Joseph Bick

    h.  Does 1-100

Dkt. No. 16 at 1. He alleges that these additional defendants "violat[ed] his rights under the Eighth Amendment due to the Chino transfer that created the deadly COVID-19 outbreak in June 2020." *Id.*

### B.   Analysis

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." In considering whether to grant or deny a motion seeking leave to amend a complaint, the Court may consider whether there is bad faith, undue delay, prejudice to the opposing party, futility in the amendment, and whether plaintiff has previously amended his complaint. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Because the Court has previously found a cognizable Eighth Amendment claim against

defendant Broomfield, who was among those prison officials involved in the transfer of inmates from CIM to SQSP, it follows that plaintiff has stated a cognizable Eighth Amendment against the additional newly named defendants, who plaintiff has alleged were also involved in the transfer. The Court orders service of plaintiff's Eighth Amendment claim so that these newly named defendants may address it. Accordingly, plaintiff's case may now proceed on the Eighth Amendment claim against these newly named defendants.

Because these additional named defendants have all been named in many of the other cases that are part of the consolidated 22-mc-80066-WHO matter assigned to Judge Orrick and have been actively involved in the ongoing litigation in that matter, the Court finds that defendants have received adequate notice of the Eighth Amendment claim and that they will not be prejudiced by the amendment. The operative pleading remains the original complaint. *See* Dkt. No. 1.

Leave to amend will not be permitted to add defendants Does 1-100, Dkt. No. 16 at 1, because plaintiff has not made any specific allegations regarding any Doe defendants.

## CONCLUSION

For the reasons set out above,

1. Except for adding the newly named aforementioned defendants, the original complaint (Dkt. No. 1) remains as the operative pleading in this action.

2. The case will continue to proceed on plaintiff's Eighth Amendment claim regarding the May 2020 transfer of CIM inmates into SQSP. The Court ORDERS that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

   a. CDCR Secretary Ralph Diaz
   b. CDCR Director Kathleen Allison
   c. Associate Director of Reception Mission Ron Davis
   d. SQSP Chief Medical Executive Allison Pachynski
   e. CIM Warden Dean Borders
   f. CCHCS Director Joseph Bick

1    In accordance with the program, the Clerk is directed to serve on the CDCR via email the
2    following documents: the operative complaint (Dkt. No. 1), the amended complaint (Dkt. No. 16),
3    this Order of Service, a CDCR Report of E-Service Waiver form, and a summons.  The Clerk also
4    shall serve a copy of this order on the plaintiff.

5    No later than 40 days after service of this order via email on the CDCR, the CDCR shall
6    provide the court a completed CDCR Report of E-Service Waiver advising the court which
7    defendant(s) listed in this order will be waiving service of process without the need for service by
8    the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or
9    could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service
10   Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court
11   a waiver of service of process for the defendant(s) who are waiving service.

12   Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each
13   defendant who has not waived service according to the CDCR Report of E-Service Waiver a
14   USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies
15   of this order, the summons and the operative complaint for service upon each defendant who has
16   not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-
17   Service Waiver.

18   3.    The Court ORDERS that service on defendant Clark Kelso shall proceed
19   separately.  The Clerk is directed to electronically serve Clark Kelso and his attorney via the email
20   address HCLitigationSupport@cdcr.ca.gov the following documents: the operative complaint
21   (Dkt. No. 1), the amended complaint (Dkt. No. 16), this Order of Service, and a Waiver of the
22   Service of Summons form.

23   4.    All Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
24   requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
25   Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on
26   behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the
27   cost of such service unless good cause can be shown for their failure to sign and return the waiver
28   form.

5. This Court will issue a scheduling order for summary judgment or other dispositive motion briefing after resolution of the common issues in the 22-mc-80066-WHO matter as to the newly named defendants. *See* Dkt. No. 8.

6. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: May 23, 2023

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

5